FILED

2025 Apr-25  AM 09:43
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### EASTERN DIVISION

| | | |
|---|---|---|
| **ASHLEY STRICKLAND,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No.:** |
| | ) | |
| **KOCH FOODS OF** | ) | **JURY DEMANDED** |
| **GADSDEN, LLC; JASON** | ) | |
| **SMITH; DANIEL SMITH;** | ) | |
| **and CODEY PAULSON,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## COMPLAINT

Ashley Strickland (hereinafter "Plaintiff"), by and through undersigned counsel, files this Complaint against Defendant Koch Foods of Gadsden, LLC (hereinafter "Defendant Koch Foods"), Defendant Jason Smith ("Defendant Jason"), Defendant Codey Paulson ("Defendant Codey"),  and Defendant Daniel Smith ("Defendant Daniel"), (Collectively "Defendants"). Plaintiff seeks redress for sexual harassment, discrimination, and retaliation suffered in Plaintiff's capacity as an employee of Defendant Koch Foods. Plaintiff also seeks redress for battery and outrage against Defendant Jason, Defendant Daniel, and Defendant Codey; additionally, Plaintiff seeks redress for Failure to Train and Supervise and Respondeat Superior against Defendant Koch Foods. Plaintiff has been

discriminated against by Defendant because of Plaintiff's gender and subjected to a hostile work environment in violation of Title VI of the Civil Rights Act of 1964 and any other causes of action that can be inferred from the facts set forth herein. In support of her Complaint, Plaintiff states as follows:

## JURISDICTION AND VENUE

1.     This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343(a)(4) for Count I.

2.     Plaintiff also seeks to bring pendent claims pursuant to 28 U.S.C. § 1367 and this Court's judicial power for Counts II - IV

3.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because the unlawful acts took place within Etowah County, Alabama, which lies within the Eastern Division of the United States District Court for the Northern District of Alabama.

## PARTIES

4.     Plaintiff is a resident of Calhoun County, Alabama, and is over the age of nineteen (19) years.

5.     Plaintiff, for all times relevant to this action, was an "employee" of Defendant as defined under Title VII of the Civil Rights Act of 1964.

6.     Defendant Koch Foods is a Domestic limited liability corporation doing business in the State of Alabama. Its registered agent is C T Corporation

System and can be served at 2 North Jackon Street, Suite 105, Montgomery, Alabama 36104.

7. Defendant Koch Foods employs over fifteen (15) employees and is subject to Title VII.

8. Defendant Jason is/was an employee for Defendant Koch Food, is domiciled in the State of Alabama, and is over the age of nineteen (19).

9. Defendant Codey is/was an employee and supervisor for Defendant Koch Food, is domiciled in the State of Alabama, and is over the age of nineteen (19).

10. Defendant Daniel is/was an employee for Defendant Koch Food, is domiciled in the State of Alabama, and is over the age of nineteen (19).

## COMPLIANCE WITH JURISDICTIONAL REQUIREMENTS

11. Plaintiff has complied with the jurisdictional requirements on to wit: that on or about August 2, 2023, Plaintiff filed a Charge of Discrimination in employment with the Equal Employment Opportunity Commission (hereinafter "EEOC").

12. On January 24, 2025, the EEOC issued Plaintiff a Notification of a Right to Sue, and Plaintiff filed this Complaint within the ninety (90) day deadline. A copy of the notification is attached as "Exhibit A".

## FACTS

13. On or about October 18, 2021, Plaintiff began working for Defendant Koch Foods.

14. After starting her employment, Plaintiff was subjected to sexual harassment and unlawful and unconsented touching by male co-employees and supervisors including Defendant Jason, Defendant Codey, and Defendant Daniel while working for Defendant Koch Foods.

15. On or about January 12, 2023, Plaintiff report instances of sexual harassment and unlawful touching to her Supervisor, Defendant Codey.

16. On or around June 30, 2023, Plaintiff reported instances of sexual harassment and unlawful touch to Defendant Koch Foods.

17. On or around July 10, 2023, Defendant Koch Foods terminated Plaintiff's employment.

## COUNT I:
### VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED, 42 U.S.C. § 2000E ET

18. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-17 above as if fully set out herein.

19. Plaintiff is a female and a member of a protected class.

20.    The conduct alleged herein violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, as Defendant Koch Foods engaged in the practice of a hostile work environment against Plaintiff.

21.    In or around June 2022, Plaintiff got into an altercation with a male co-employee, Johnny, resulting in Johnny pushing Plaintiff against a wall, making Plaintiff fear for her safety.

22.    Although made extremely uncomfortable and scared about what Johnny wanted to do to her, Plaintiff did not report the instance because she was scared that she would be retaliated against for reporting Johnny, and Defendant Koch Foods would terminate her employment.

23.    On or about January 12, 2023, Defendant Jason was coming back from the restroom and approached Plaintiff, asking, "Why won't you [Plaintiff] sleep with me [Defendant Jason]?".

24.    Simultaneously with his question, Defendant Jason took his hand and grabbed Plaintiff's right breast, and then he ran his hand across Plaintiff's chest.

25.    At that time, Plaintiff discovered that Defendant Jason was drunk, slapped his hand away, rebuffed his sexual advance, and requested that he [Defendant Jason] leave her [Plaintiff] alone.

26. Following the incident, Plaintiff reported Defendant Jason to her supervisor, Defendant Codey.

27. In response to Plaintiff's report, Defendant Codey sent Defendant Jason home for the rest of the day, instructed Plaintiff to not speak about the incident to anyone else, and told Plaintiff that if anything else happened that Plaintiff should report everything to him [Defendant Codey] and not to report anything to Defendant Koch Foods Human Resources Department ("HR").

28. Following the report, Defendant Codey also began to sexually harass and touch Plaintiff.

29. Beginning in February 2023 until June 2023, Defendant Codey, on multiple occasions, would come behind Plaintiff and untie her apron and would continue to do so despite Plaintiff's repeated requests to stop.

30. After Plaintiff demands that Defendant Codey stop untying her apron, Defendant Codey would grab and pull Plaintiff's on the back of Plaintiff's hair.

31. In addition to these acts, on March 4, 2023, Plaintiff reported Defendant Codey to Defendant Koch Foods HR because Defendant Codey was yelling, cussing, assigning additional duties outside of Plaintiff's job

description, and forcing Plaintiff to work late and alone with Defendant Jason.

32. Plaintiff would report these instances to Defendant Koch Foods HR; however, nothing was done to stop the harassing behavior.

33. Beginning in June 2023, in addition to the other sexual harassment Plaintiff endured, Defendant Daniel and Johnny began to take actions and comments that were also sexually charged towards Plaintiff.

34. Starting in June 2023, Johnny would continually stare at Plaintiff in a manner that seemed sexual, which made her feel uncomfortable, and Defendant Daniel would begin to touch Plaintiff in a way that felt sexually charged and inappropriate.

35. Defendant Daniel, despite Plaintiff's demands for him to stop, continued to touch Plaintiff; however, Defendant Daniel continued touching Plaintiff's body.

36. In or around the middle of June 2023, Plaintiff reported Defendant Daniels's behavior to another supervisor for Defendant Koch Foods, Chase (last name unknown).

37. After hearing Plaintiff's report, Chase told Plaintiff the Defendant Daniel "doesn't know any better because he doesn't speak English" and ignored Plaintiff's complaint.

38.   On or around June 30, 2023, Plaintiff reported these occurrences to Defendant Koch's HR; however, nothing was done to correct the issues.

39.   On or about July 7, 2023, Plaintiff completed her work for the day and went home.

40.   On or about July 10, 2023, Defendant Codey suspended Plaintiff for "job abandonment".

41.   On or about July 21, 2023, Defendant Koch Foods terminated Plaintiff's employment.

42.   All of the above-listed conduct Plaintiff was subjected to are actions that men were not subject to.

43.   Defendant Koch Foods' discriminatory action(s) against Plaintiff is in violation of Plaintiff's rights under Title VII of the Civil Rights Act of 1964, as amended, were intentional and were done with malice and reckless disregard for Plaintiff's rights as guaranteed under the laws of the United States.

44.   Plaintiff has suffered and continues to suffer emotional distress, loss of self-esteem, and other damages as a direct result of Defendant Koch Foods' unlawful discrimination.

**WHEREFORE**, Plaintiff prays that this Honorable Court will:

A.  Enter a declaratory judgment, declaring Defendant Koch Foods' past practice herein complained to be unlawful;

B.  Order Defendant Koch Foods to institute and carry out policies, practices and programs providing equal employment opportunities for Plaintiff and other employees and eradicating the effects of its past and present unlawful employment practices.

C.  Order Defendant Koch Foods to make Plaintiff whole by providing other affirmative relief necessary to eradicate the effects of Defendant Koch Foods' unlawful employment practices.

D.  Order Defendant to make Plaintiff whole by providing compensation for past and future pecuniary and non-pecuniary losses resulting from the unlawful employment practices described above, including, but not limited to, emotional pain, suffering, anxiety, loss of enjoyment of life, humiliation, and inconvenience, in amounts to be determined at trial

E.  Award punitive damages to be determined by a jury at trial; and,

F.  Grant such further relief as the Court deems necessary and proper.

## COUNT II:
## CIVIL BATTERY AGAINST DEFENDANT JASON

45.  Plaintiff repeats and re-alleges the allegations contained in Paragraphs 1-17 and 23-25 as if fully set forth herein.

46. This claim for battery against Defendant Jason arises under the laws of the State of Alabama.

47. On or about January 12, 2023, Defendant Jason approached Plaintiff after leaving the restroom and used his hand to grab Plaintiff's breast and ran his hand across Plaintiff's chest.

48. Plaintiff did not consent to Defendant Jason touching her.

49. Defendant Jason's unlawful, intentional, and harmful physical act constituted as batter against Plaintiff.

50. Plaintiff suffered and continues to suffer damages as a result of Defendant Jason's action, including, but not limited to, emotional distress, loss of self-esteem, and other damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant Jason in an amount that a Jury deems reasonable and fair, plus interest and costs of this proceeding, and prays that this Honorable Court will grant such further relief as the Court deems necessary and proper.

## COUNT III:
### CIVIL BATTERY AGAINST DEFENDANT CODEY

51. Plaintiff repeats and re-alleges the allegations contained in Paragraphs 1-17 and 29-30 as if fully set forth herein.

52.	This claim for battery against Defendant Codey arises under the laws of the State of Alabama.

53.	On multiple occasions between February and June 2023, Defendant Codey would walk up to Plaintiff and untie her apron.

54.	After Plaintiff demanded that Defendant Codey stop untying her apron, Defendant Codey grabbed the back of Plaintiff's hair and pulled it.

55.	Plaintiff did not consent to Defendant Codey touching her.

56.	Defendant Codey's unlawful, intentional, and harmful physical act constituted battery against Plaintiff.

57.	Plaintiff suffered and continues to suffer damages due to Defendant Codey's action, including, but not limited to, emotional distress, loss of self-esteem, and other damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant Codey in an amount that a Jury deems to be reasonable and fair, plus interest and costs of this proceeding, and prays that this Honorable Court will grant such further relief as the Court deems necessary and proper.

**COUNT IV:**
**CIVIL BATTERY AGAINST DEFENDANT DANIEL**

58.	Plaintiff repeats and re-alleges the allegations contained in Paragraphs 1-17 and 34-5 as if fully set forth herein.

59.    This claim for battery against Defendant Codey arises under the laws of the State of Alabama.

60.    Beginning in June 2023, Defendant Daniel touched Plaintiff inappropriately, including her [PARTS], on multiple occasions.

61.    Plaintiff did not consent to Defendant Daniel touching her.

62.    Defendant Daniel's unlawful, intentional, and harmful physical act constituted battery against Plaintiff.

63.    Plaintiff suffered and continues to suffer damages as a result of Defendant Daniel's action, including, but not limited to, emotional distress, loss of self-esteem, and other damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant Daniel in an amount that a Jury deems to be reasonable and fair, plus interest and costs of this proceeding, and prays that this Honorable Court will grant such further relief as the Court deems necessary and proper.

## COUNT V:
## FAILURE TO TRAIN AND SUPERVISE AS TO DEFENDANT KOCH FOODS

64.    Plaintiff repeats and re-alleges the allegations contained in Paragraphs 1-17, 21-38 as if fully set forth herein.

65.  This claim arises under the laws of the State of Alabama to redress the failure to train and supervise Defendant Jason, Defendant Codey, and Defendant Daniel.

66.  Defendant Koch Foods had a duty to provide Plaintiff with a reasonably safe work environment and to follow the law.

67.  Starting in February of 2023, Plaintiff began being subjected to sexual harassment and a hostile work environment.

68.  Throughout Plaintiff's tenure as an employee for Defendant Koch Foods, Plaintiff was repeatedly sexually harassed and battered by her male co-employees and male supervisor.

69.  Plaintiff reported these instances on multiple occasions; however, Koch Foods failed or refused to take any action to cease the hostile work environment and correct the actions of Plaintiff's harassers.

70.  Because Defendant Koch Foods failed to stop the actions of Defendant Jason, Defendant Codey, and Defendant Daniel after Plaintiff's reports, Defendant Koch Foods ratified their conduct.

71.  Defendant Koch Food did not take adequate steps to investigate Plaintiff's complaints or discipline Defendant Jason, Defendant Codey, and/or Defendant Daniel resulting in a failure to train.

72.     Had Defendant Koch Foods monitored and/or supervised Defendant Jason, Defendant Codey, and/or Defendant Daniel more carefully, they would not have repeated acts of misconduct, resulting in failure to supervise.

73.     Defendant Koch Foods, based on Plaintiff's numerous reports about Defendant Jason, Defendant Codey, and/or Defendant Daniel, knew of the pattern of inappropriate conduct in the workplace and did nothing to stop it.

74.     If Defendant Koch Foods had proper equal employment training in place, these actions would not have occurred, resulting in failure to train.

75.     Plaintiff has suffered, and continues to suffer, emotional distress, loss of self-esteem, and other damages as a direct result of the conduct alleged above.

**WHEREFORE**, Plaintiff demands judgment against Defendant Koch Food in an amount that a Jury deems to be reasonable and fair, plus interest and costs of this proceeding, and prays that this Court will grant such relief it deems necessary and proper.

## COUNT VI:
## OUTRAGE

76.     Plaintiff repeats and re-alleges the allegations contained in Paragraphs 1-17, 21-38 as if fully set forth herein.

77. This claim arises under the laws of the State of Alabama to redress the outrage and intentional infliction of emotional distress Defendants inflicted upon Plaintiff.

78. Throughout Plaintiff's tenure as an employee for Defendant Koch Foods, Plaintiff was repeatedly sexually harassed and battered by Defendant Jason, Defendant Codey, and Defendant Daniel.

79. Defendant Jason, Defendant Codey, and/or Defendant Daniel's actions were intentional and/or with a careless disregard to Plaintiff in a way that inflicted emotional distress on Plaintiff.

80. Defendant Koch Foods, based on Plaintiff's numerous complaints, had knowledge of these actions and failed and/or refused to take any action or omitted from taking any action to cease Defendant Jason, Defendant Codey, and/or Defendant Daniel's actions; therefore, ratifying the actions.

81. By refusing to take any action, Defendant Koch Foods acted intentionally, or with a reckless disregard for Plaintiff, in a way that caused the intentional infliction of emotional distress upon Plaintiff.

82. Because Defendant Koch ratified Defendant Jason, Defendant Codey, and/or Defendant Daniel's actions, Defendant Koch Foods is liable for their conduct.

83.     Plaintiff has suffered, and continues to suffer, emotional distress, loss of self-esteem, and other damages as a direct result of the conduct alleged above.

**WHEREFORE**, Plaintiff demands judgment against Defendants in an amount that a Jury deems to be reasonable and fair, plus interest and costs of this proceeding, and prays that this Court will grant such relief it deems necessary and proper.

## JURY DEMAND

PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES OF THE COMPLAINT.

*/s/ Jon-Kaden Mullen*
D. Jeremy Schatz
Jon-Kaden Mullen
*Attorneys for Plaintiff*

**OF COUNSEL:**
Virtus Law Group
2017 Morris Avenue, Ste 100
Birmingham, AL 35203
js@vlgal.com
jm@vlgal.com

### Please Serve Defendants By Certified Mail As Follows:

**Koch Foods of Gadsden, LLC**
**c/o 2 North Jackson Street, Suite 605**
**Montgomery, AL 36104**

**Jason Smith**
**55055 Highway 49**
**Ashland, AL 36251**

**Daniel Smith**
**1201 Taylor Rd**
**Glencoe, AL 35905**

**Codey Paulson**
**1920 Blake Drive**
**Gadsden, AL 35907**